## GERSHOM N. DE FOREST *v.* WILLIAM WHEELER.

The 53d section of the road statute, (Swan's Rev. Stat. 810,) requires two
circumstances to concur to authorize the township trustees to vacate a
township road. First, that the road shall have become useless—this is nec-
essary to give the trustees jurisdiction; and second, that no injustice will
be done by its vacation.

Citizens for whose benefit a township road is established have an easement in
it, and are bound to keep it in repair.

Hence the private interest and convenience of citizens must be considered,
and must operate very materially upon the determination of the question,
whether a township road should be vacated or not.

IN error to the District Court of Trumbull county.

It appears from the record in this case, that De Forest, the
plaintiff in error, and others, in October, 1851, petitioned the
trustees of Brookfield township, Trumbull county, to vacate the
east end of a certain township road, describing it, and that the
defendant in error, William Wheeler, and others, living in the im-
mediate vicinity of the road, remonstrated against the vacation of
the same, on the ground that it was useful to them, and in fact
used by them, and that its vacation would do them injustice.

It appears further, that Wheeler and others in the vicinity of
this road, did in fact use it more or less.

The record shows further that two of the trustees proceeded to
view the road, and thereupon caused to be entered on the town-
ship records the following order, viz: " Upon full view of the
road proposed to be vacated, and after hearing the allegations
and arguments of both parties present, and upon due considera-
tion do consider that said road as now opened, is a great injury
to Gersham N. De Forest, (being opened on ground much of the
way aside some rods from the original surveyed township road,)
and furthermore being satisfied that no injustice will be done by
vacating said road, do hereby declare the said road, leading from
Philip Homer's house west to the new township road, vacated."
The record and proceedings of the trustees having been, at the
instance of Wheeler and others, brought before the court of com-

mon pleas of Trumbull county on certiorari, said court, at its March term, 1854, affirmed the order of the trustees.

Thereupon Wheeler filed his petition in error in the district court of said county, to reverse the judgment of the common pleas. And at its April term, 1855, the district court reversed the judgment of the common pleas, as well as the order of the trustees.

To reverse this judgment of the district court the present petition in error is prosecuted.

*Sutliff & Tuttle,* and *John Crowell,* for plaintiff in error.

*M. Birchard,* and *Hutchins & Curtiss,* for defendant in error.

J. R. SWAN, J. Township roads are in many respects like private ways. The easement is paid for by those for whose benefit it is established, and they are bound to keep it in repair. Hence the private interests and convenience of citizens must be considered, and must operate very materially upon the determination of the question whether a township road should be vacated. The section of the statute referred to, (Swan's Rev. Stat. 810, sec. 53,) requires two circumstances to concur to authorize the trustees to vacate a township road: First, that the road shall have become useless; and second, that no injustice will be done by its vacation. The first is necessary to give the trustees jurisdiction; and it nowhere appears in this record, either by implication or otherwise, that the township road in question had become useless. On the contrary, the trustees seem to have been of opinion that the inconvenience of its location to some of the parties, simply over-balanced its usefulness to others. But whatever construction may be given to the statements of the trustees upon this subject, it is clear that the road was in common use by some of those through whose farms it passed, and that it had neither been abandoned as a township road, nor was it useless for the purpose for which it was established. The trustees had not, therefore, any jurisdiction in the premises. The order of the district court reversing the proceedings of the trustees, must be affirmed.