Spear, J.
The petition shows, among other facts, that the defendant in error, Henry Cullins, is the owner of two farms situate in Muskingum county. At the time of his purchase, and for more than sixty years, a township road led from the smaller farm to a county road; and this township road ever after, continued to be the only means of access to the smaller farm which was a separate tenement with buildings and improvements of its own; and is the only road leading from this farm to any other road. A new road has been laid off across the land of said lane, but its use by Cullins is not convenient, nor is it practicable except by the expenditure of a large amount of money. Plaintiff purchased upon the faith that the township road would remain forever open, paid full price, would not have bought except upon the faith that the road would so remain open; and at a great expense, put up a stable and dug a well and erected certain out-buildings thereon, and built a kitchen as an addition to the dwelling-house thereon, and located said improvements close, convenient to and with reference to the township road, which is yet in *653 fair condition for use, and for many years has been in use by plaintiff, his tenants, and others.
The answer, to which a general demurrer was sustained, shows, among other things, that prior to March 6, 1893, a petition was presented to the trustees, signed by Lane and fourteen other residents of the township, asking for the vacation of the road. Of this Cullins had notice, appeared at the hearing, but entered no objection to the petition, and filed no claim for compensation or damages. The ease was heard on the date above named, and the trustees being satisfied that no injustice would be done by the vacation, and that the road had become useless, made an order in due form vacating the road. From this order, Cullins, appealed to the probate court. That court. heard the case, confirmed the proceedings and judgment of the trustees, affirmed their order, and entered judgment against Cullins for costs. This judgment remains in force.
The question, therefore, is, whether or not the order of vacation by the trustees authorizes the closing up of the road as against the objection of Cullins? We think the question must be answered in the negative.
As heretofore stated, the road was legally established, and has been in existence over sixty years. It has been used by Cullins over thirty years. It was a public highway, made so by statute, and' Cullin’s rights in it were, and are, such as adjacent owners have in highways. His predecessor in title was one of those for whose benefit the road was established. Presumably he contributed to the expense of its establishment. By this means he acquired an easement in the road. De Forest v. Wheeler, 5 Ohio St., 286. Cullins, there *654 fore, when he purchased the land, purchased this easement as an incident to his estate. It is in the nature of private property, for the taking of which there is no right in the public, except upon awarding compensation. And, under the constitution, article I, section 19, this compensation must be made before taking. In cases of vacation, no compensation has been provided. Chaptei III, title 7, of the Revised Statutes (section 4671 to 4686, inclusive), relates to the establishment, alteration and vacation of township roads. But neither by these sections, nor by related sections in the chapter preceding or following, is there any provision for ascertaining or awarding compensation to one whose easement would be destroyed by the closing up of a road ordered vacated. There is no fund provided for paying such compensation, nor method pointed out whereby such fund may be obtained, even if the amount were ascertained. A demand for compensation before the trustees or the probate court, would, therefore, have been an idle ceremony.
If the taking of the easement without compensation is attempted, injunction is the proper remedy. Hays v. Jones, 27 Ohio St., 218. Where, however, another road, reasonably suitable to answer the needs of the complaining party, has been established, the chancellor might properly refuse the order of “injunction against closing up the old road. But such reasonable provision has not been made in ‘this case.
The effect of the judgment of the trustees ordering the road vacated, is to relieve the public from any duty to keep it in repair, but it does not authorize the trustees, or anybody else, to close *655 the road up, or obstruct it, and thus deprive Cullins of the right to travel it.

Judgment affirmed.